# IN THE COURT OF APPEALS OF IOWA

——————————

No. 24-2005
Filed May 13, 2026

——————————

**Jacob Cullum,**
Applicant–Appellant,

v.

**State of Iowa,**
Respondent–Appellee.

——————————

Appeal from the Iowa District Court for Cerro Gordo County,
The Honorable Rustin Davenport, Judge.

——————————

**AFFIRMED**

——————————

Leah Patton of Patton Legal Services, LLC, Ames, attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

——————————

Considered without oral argument
by Greer, P.J., Ahlers, J., and Telleen, S.J.
Opinion by Telleen, S.J.

**TELLEEN, Senior Judge.**

Jacob Cullum appeals the district court's denial of his application for postconviction relief. Cullum, who pled guilty to one simple misdemeanor count of no valid driver's license, argues his plea counsel was ineffective in failing to appeal the district court's denial of his pre-plea motion to suppress and that the district court erred in denying that motion.[1] Because Cullum had no right to appeal and "waive[d] all defenses and objections to the criminal proceedings by pleading guilty," *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011), Cullum's counsel was not ineffective in failing to appeal the court's denial of the motion. Upon our review,[2] we affirm.

Cullum was charged by trial information with operating a motor vehicle while barred, an aggravated misdemeanor, under Iowa Code sections 321.560 and 321.561 (2021). He initially pled not guilty and moved to suppress, contending he was seized without reasonable suspicion or probable cause. After a hearing, the district court denied that motion. Cullum then pled guilty to no valid driver's license, a simple misdemeanor, under Iowa Code section 321.174. Cullum did not appeal but applied for postconviction relief, alleging ineffective assistance of plea counsel. The

---

[1] Cullum argues for the first time on appeal that his trial counsel was ineffective in failing to advise him against pleading guilty and/or in entering a guilty plea on his behalf, thus failing to preserve a challenge on the suppression ruling. That claim is not preserved for our review because it was not argued or ruled on below. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). And insofar as he argues his postconviction counsel was ineffective in failing to raise that issue below, we decline to address claims of ineffective assistance of postconviction counsel for the first time on appeal. *Goode v. State*, 920 N.W.2d 520, 526–27 (Iowa 2018).

[2] We review denials of applications for postconviction relief for legal error but give de novo review to dismissals raising constitutional issues, including ineffective assistance of counsel. *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018).

postconviction court denied Cullum's application, finding the court's denial of the motion to suppress to be proper, and thus, Cullum's trial counsel was not ineffective.

Under Iowa Code section 822.2(2), an applicant cannot use postconviction relief proceedings as a means of direct review of their conviction. Cullum "waive[d] all defenses and objections to the criminal proceedings by pleading guilty, including claims of ineffective assistance of counsel." *See Castro*, 795 N.W.2d at 792. And he does not invoke an exception to that rule, such as "irregularities that bear on the knowing and voluntary nature of the plea." *See id.* Further, Cullum had no right to appeal from his simple misdemeanor conviction. Iowa Code § 814.6(1)(a)(1). As a result, any efforts by his plea counsel to appeal the suppression-motion ruling would have been futile. Thus, counsel was not ineffective in failing to appeal the district court's denial of Cullum's motion to suppress. We affirm.[3]

**AFFIRMED.**

---

[3] Because this appeal presents well-settled rules of law, is controlled by prior published holdings, and would not advance the development of case law, we affirm the district court through a memorandum opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).